[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 511.]

OFFICE OF DISCIPLINARY COUNSEL *v*. MCCRAE.

[Cite as *Disciplinary Counsel v. McCrae*, 1996-Ohio-206.]

(No. 95-2555—Submitted March 20, 1996—Decided May 29, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 95-09.

———————————

{¶ 1} On February 6, 1995 the relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Charles Alexander McCrae of McDermott, Ohio, Attorney Registration No. 0024168, with violating three Disciplinary Rules: DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving fraud, dishonesty, deceit or misrepresentation), and 1-102(A)(6) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law). Respondent filed an answer, admitting most of the allegations in the complaint. At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), the parties submitted an agreed stipulation of facts, and respondent presented character witnesses and made a statement in mitigation.

{¶ 2} The panel found that as a result of certain of his activities in 1984 and 1985, respondent had been suspended from the practice of law in Kentucky for two years and from the practice of law in Ohio for a term concurrent with the suspension in Kentucky. The panel further found respondent was convicted in federal court in 1993 for violations of Section 1014, Title 18, U.S. Code. Respondent had made false statements to banks in 1986 and 1987, in seeking to reverse setoffs against his account and in disclosing his income and liabilities in connection with a loan application. Respondent also violated Section 152, Title 18, U.S. Code by lying to a bankruptcy court under oath in 1989.

**{¶ 3}** The panel concluded that respondent violated the Disciplinary Rules as charged, and recommended an indefinite suspension from the practice of law. The board adopted the findings of fact, conclusions of law and recommendation of the panel.

———————————

*Geoffrey Stern,* Disciplinary Counsel, and *Stacy M. Solochek,* Assistant Disciplinary Counsel, for relator.

*Charles Alexander McCrae, pro se.*

———————————

***Per Curiam.***

**{¶ 4}** Upon review of the record, we concur with the board's findings of fact, conclusions of law and recommendation. McCrae has repeatedly both in private and professional affairs ignored his responsibilities as an attorney. He has lied to banks about his personal financial affairs and he has lied under oath to a federal bankruptcy court.

**{¶ 5}** The Ethical Considerations adopted as part of our Code of Professional Conduct state that a lawyer "should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies respect for law. To lawyers especially, respect for the law should be more than a platitude." EC1-5. This court expects all members of the bar to be guided by these considerations.

**{¶ 6}** Accordingly, respondent, Charles Alexander McCrae, is indefinitely suspended from the practice of law. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

COOK, J., dissents and would disbar respondent.

January Term, 1996

_____